**Nicholas A. Kampars, OSB No. 063870**
nick.kampars@wildwoodlaw.com
**Jeanne K. Sinnott, OSB No. 075151**
jeanne.sinnott@wildwoodlaw.com
**Wildwood Law Group LLC**
3519 NE 15th Avenue, #362
Portland, Oregon 97212
Telephone: (503) 564-3049

    *Of Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **NINKASI HOLDING COMPANY, INC.** an Oregon corporation, and **NINKASI BREWERY, LLC**, an Oregon limited liability company,<br><br>                Plaintiffs,<br>  v.<br><br>**NUDE BEVERAGES, INC.**, a Colorado corporation; and **MXM BEVERAGES LTD.**, doing business as **NUDE BEVERAGES CO.**, a Canadian corporation,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**BREACH OF CONTRACT ACTION (28 U.S.C. § 1332)**<br><br>**DEMAND FOR JURY TRIAL** |

**PARTIES**

    1.     Plaintiff Ninkasi Holding Company, Inc. ("Ninkasi Holding Co.") is an Oregon corporation with its principal place of business in Eugene, Oregon. Plaintiff Ninkasi Brewery, LLC ("Ninkasi Brewery") is an Oregon limited liability company with its principal place of

business in Eugene, Oregon.

2. Defendant Nude Beverages, Inc. ("Nude") is a Colorado corporation with its principal place of business in Boulder, Colorado.

3. Defendant MXM Beverages, Ltd., doing business as Nude Beverages Co. ("MXM"), is a Canadian corporation with its principal place of business in Vancouver, British Columbia, Canada.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiffs are citizens of Oregon and defendants are citizens of Colorado and Canada, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiffs further seek a declaration of their rights in this case pursuant to 28 U.S.C. § 2201 and 2202.

## VENUE

6. Venue is proper in the United States District Court for the District of Oregon because a substantial part of the events giving rise to Plaintiffs' Claims for Relief occurred in this District.

7. Assignment to the Eugene Division is proper under District of Oregon LR 3-2 because the events giving rise to Plaintiffs' Claims for Relief occurred in the Eugene Division.

## FACTS

8. Plaintiffs manufacture and package malt beverages and other alcohol beverage products in Eugene, Oregon.

9. Defendant Nude is in the business of developing recipes for, and brewing and selling, certain hard seltzer beverage products.

10. Defendant MXM is the parent company of defendant Nude and owns all of the intellectual property under which defendant Nude sells its beverage products.

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON  97212

11. On December 21, 2019, Nude and Plaintiffs entered into a Co-Packing Agreement, whereby Plaintiffs agreed to manufacture and package certain beverage products for sale by Nude, among other provisions as identified in the Co-Packing Agreement.

12. In November 2020, Nude was in the process of qualifying as a brewer, as defined by the United States Alcohol and Tobacco Tax and Trade Bureau (the "TTB") and was also in the process of obtaining licensure with the Oregon Liquor Control Commission (the "OLCC").

13. While Nude was awaiting its licensures, Nude and Plaintiffs entered into a Manufacturing Services Agreement, dated November 19, 2020 (the "MSA"). Plaintiffs and Nude agreed that the MSA replaced their prior Co-Packing Agreement and that the Co-Packing Agreement terminated effective November 19, 2020. The initial term of the MSA was from October 1, 2020 through January 31, 2028, unless it was terminated in accordance with the MSA, and provided for two renewal terms of five (5) years, each at the option of Nude.

14. Pursuant to the MSA, Nude engaged Ninkasi to manufacture and package certain Nude products at Plaintiffs' facility in Eugene while Nude awaited its licensures from the TTB and the OLCC. Nude and Plaintiffs agreed that, during this time period, Plaintiffs would make available such products to Nude or its designee.

15. The MSA further provided that, after Nude obtained its licensures from the TTB and the OLCC, Plaintiffs would provide equipment and services to Nude for the manufacture and packaging of Nude's beverage products.

16. The MSA contained a process by which Nude was to issue purchase orders to Plaintiffs for either co-packing services (prior to licensure) or manufacturing services (following licensure). Plaintiffs and Nude agreed that Plaintiffs could invoice Nude for products delivered or services provided to Nude, and that Nude was responsible for paying such invoices within thirty (30) days. The MSA allowed interest at a rate of 1.5% from the date any invoice was originally issued until paid.

17. The MSA contained other material provisions, including a right for the prevailing party to recover its reasonable attorney fees for any dispute brought pursuant to the MSA. In Section 27 ("Notice"), the parties agreed that any notices required to be given under the MSA be directed to defendant Nude's principal place of business in Boulder, Colorado, with a copy sent to defendant MXM's place of business in Vancouver, British Columbia.

18. Also on November 19, 2020, Nude and Ninkasi Brewery entered into an Alternating Brewer Proprietorship Agreement, whereby Ninkasi Brewery agreed to provide Nude certain services in support of Nude's operations (the "Alternating Brewer Agreement"). Pursuant to the Alternating Brewer Agreement, Ninkasi Brewery agreed to periodically alternate its facility in Eugene, including any equipment located at its facility, to allow Nude or Ninkasi to manufacture Nude's beverage products. Further, Nude agreed to procure and install certain equipment at the facility for the benefit of Nude (and, when not in use by Nude, for use by Ninkasi). The term of the Alternating Brewer Agreement began on November 2, 2020, at which time Nude became obligated to install the identified equipment or, failing that, to terminate the Alternating Brewer Agreement and remit to Ninkasi Brewery the negotiated termination fee.

19. Also on November 19, 2020, Plaintiff Ninkasi Brewery and defendant MXM entered into a Guaranty Agreement (the "Guaranty"). Pursuant to the Guaranty, MXM agreed to absolutely and unconditionally guaranty the payment to Ninkasi Brewery of any indebtedness, liabilities or obligations whatsoever owed by Nude to Plaintiffs by virtue of the MSA.

20. Also pursuant to the Guaranty, MXM represented and warranted to Ninkasi Brewery that it had reviewed Nude's financials such that MXM was fully apprised of Nude's financial condition as of the date of the Guaranty, and that MXM made its own credit analysis of Nude. Further, MXM agreed that Ninkasi Brewery had no obligation to institute suit or exhaust its legal remedies against Nude in order to enforce the Guaranty.

21. MXM and Ninkasi Brewery agreed that the Guaranty would be governed by Oregon law and that the prevailing party would be entitled to recover its reasonable attorney fees

and costs in connection with any action under the Guaranty, among other provisions.

22. In reliance on the promises in the MSA, the Alternating Brewer Agreement and the Guaranty, including Nude's agreement to increase production capacity and lengthen the contract term as compared to the provisions in the prior Co-Packing Agreement, Plaintiffs incurred significant costs to purchase and prepare the additional equipment needed to meet Nude's requested and projected beverage production volumes.

23. In addition, Plaintiff Ninkasi Brewery LLC and Nude entered into a Warehousing and Storage Agreement, dated April 12, 2021 (the "Warehousing Agreement"). Pursuant to the Warehousing Agreement, Plaintiffs permitted Nude to store inventory and products in Plaintiffs' warehouse facility, in return for a monthly payment from Nude as calculated under the Warehousing Agreement.

24. Following its execution of the MSA and the Alternating Brewer Agreement, Nude issued purchase orders to Plaintiffs. Plaintiffs, in reliance on the promises in the MSA, the Alternating Brewer Agreement, the Warehousing Agreement and the Guaranty, manufactured and packaged beverage products and issued invoices to Nude for its services.

25. As of the filing of this complaint, Nude has failed to pay Plaintiffs for amounts due under several invoices issued pursuant to the MSA, the Alternating Brewer Agreement and the Warehousing Agreement, in the total amount of $1,054,486.98. A summary of the unpaid invoices is as follows:

(*see next page*)

| Invoice Date | Invoice Amount | Amount Owing |
|---|---|---|
| 3/2/2021 | $245,862.00 | $120,055.56 |
| 3/3/2021 | $6,000.00 | $6,000.00 |
| 3/18/2021 | $205.95 | $205.95 |
| 3/25/2021 | $73,448.34 | $73,448.34 |
| 3/31/2021 | $6,000.00 | $6,000.00 |
| 4/3/2021 | $30,094.59 | $30,094.59 |
| 4/15/2021 | $2,121.18 | $2,121.18 |
| 5/1/2021 | $6,000.00 | $6,000.00 |
| 5/30/2021 | $315,000.00 | $315,000.00 |
| 6/2/2021 | $6,000.00 | $6,000.00 |
| 6/17/2021 | $576.15 | $576.15 |
| 7/1/2021 | $6,000.00 | $6,000.00 |
| 7/4/2021 | $98,220.00 | $98,220.00 |
| 8/1/2021 | $6,000.00 | $6,000.00 |
| 8/7/2021 | $1,407.98 | $1,407.98 |
| 8/18/2021 | $8,584.03 | $8,584.03 |
| 8/31/2021 | $315,000.00 | $315,000.00 |
| 9/1/2021 | $6,000.00 | $6,000.00 |
| 9/16/2021 | $8,564.60 | $8,564.60 |
| 10/1/2021 | $6,000.00 | $6,000.00 |
| 10/21/2021 | $13,649.00 | $13,649.00 |
| 11/1/2021 | $6,000.00 | $6,000.00 |
| N/A | $13,559.60 | $13,559.60 |

26.  Nude has failed to procure or install the equipment identified under the Alternating Brewer Agreement, and has otherwise failed to pay Ninkasi Brewery a termination fee as required under the Alternating Brewer Agreement.

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON  97212

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

### (Count 1 – MSA and Warehousing Agreement)

### (Against Defendant Nude)

27. Plaintiffs reallege and incorporate paragraphs 1 through 26 above.

28. Plaintiffs and defendant Nude entered into the MSA and the Warehousing Agreement, which required Nude to pay Plaintiffs for manufacturing, packaging and warehousing services.

29. Plaintiffs have performed all obligations required of them pursuant to the MSA and the Warehousing Agreement.

30. Nude has breached the MSA and the Warehousing Agreement by failing to pay Plaintiffs $1,054,486.98 for the services performed by Plaintiffs pursuant to the MSA and the Warehousing Agreement.

31. Plaintiffs have been injured by Nude's breaches of the MSA and the Warehousing Agreement.

32. Plaintiffs are entitled to an award of damages in the principal amount of $1,054,486.98, plus accrued interest, penalties and other fees, including Plaintiffs' reasonable attorney fees and costs incurred in connection with this action, all as described under the MSA and the Warehousing Agreement.

33. Alternatively, Plaintiffs are entitled to an award of damages in the amount of $2,520,000, representing the agreed-upon termination fee identified in the MSA, plus those damages actually incurred due to Nude's failure to pay invoices issued pursuant to the Warehousing Agreement, all as to be proven at trial, plus interest, penalties and other fees and Plaintiffs' attorney fees and costs.

### (Count 2 – Alternating Brewer Agreement)

### (Against Defendant Nude)

34. Plaintiffs reallege and incorporate paragraphs 1 through 26 above.

35. Plaintiff Ninkasi Brewery and defendant Nude entered into the Alternating Brewer Agreement which required Nude to install certain equipment at Plaintiffs' facility or pay a termination fee as calculated under the Alternating Brewer Agreement.

36. Ninkasi Brewery has performed all obligations required of it pursuant to the Alternating Brewer Agreement.

37. Nude has breached the Alternating Brewer Agreement by failing to install the equipment in Plaintiffs' facility and by failing to pay the termination fee.

38. Plaintiffs have been injured by Nude's breaches of the Alternating Brewer Agreement.

39. Ninkasi Brewery is entitled to an award of damages in the principal amount of $2,520,000, representing the agreed-upon termination fee identified in the Alternating Brewer Agreement, plus penalties and other fees.

### SECOND CLAIM FOR RELIEF

### (Breach of Duty of Good Faith and Fair Dealing)

### (Against Defendant Nude)

40. Plaintiffs reallege and incorporate paragraphs 1 through 26 above.

41. Plaintiffs and Nude entered into the MSA, the Alternating Brewer Agreement and the Warehousing Agreement, each of which is a valid contract.

42. Under Oregon law, Nude owed Plaintiffs the duty of good faith and fair dealing as a party to the MSA, the Alternating Brewer Agreement and the Warehousing Agreement because such a duty is implied in every contract.

43. Through its conduct, as alleged above, Nude has breached the duty of good faith and fair dealing by undermining the contractual expectations of Plaintiffs, preventing Plaintiffs

from receiving the fruits of the contracts between Plaintiffs and Nude, and acting in Nude's own self-interest to the determinant of Plaintiffs.

44. Plaintiffs have been injured by Nude's conduct and continue to be injured by its conduct.

45. As a direct result of Nude's actions, Plaintiffs have been damaged in an amount to be proven at trial, but currently believed to be not less than $3,574,486.98.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment - 28 U.S.C. § 2201, *et seq.*)**

**(Against Defendant Nude)**

46. Plaintiffs reallege and incorporate paragraphs 1 through 25 above

47. Pursuant to the MSA, Plaintiffs have a right to receive payment from Nude for manufacturing and packaging services provided by Plaintiffs for the benefit of Nude.

48. Pursuant to the Alternating Brewer Agreement, Nude has an obligation to install certain equipment at Plaintiffs' facility or to pay a termination fee, as calculated under the Alternating Brewer Agreement.

49. Pursuant to the Warehousing Agreement, Nude has an obligation to pay Plaintiffs for their warehousing services.

50. A genuine dispute exists as to the legal rights or obligations of the parties with respect to the MSA, the Alternating Brewer Agreement and the Warehousing Agreement.

51. Pursuant to 22 U.S.C. § 2201, Plaintiffs are entitled to a declaration from this Court that Nude has an obligation to pay Plaintiffs for all amounts due under the MSA and the Warehousing Agreement, and that Nude has an obligation to install certain equipment at Plaintiffs facility or pay Plaintiffs a termination fee.

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON  97212

## FOURTH CLAIM FOR RELIEF

### (Quantum Meruit)

### (Against Defendant Nude)

52. Plaintiffs reallege and incorporate paragraphs 1 through 25 above.

53. Plaintiffs have conferred a benefit on Nude by manufacturing and packaging beverage products for the benefit of Nude and at Nude's request.

54. Plaintiffs have conferred a benefit on Nude by warehousing Nude's products.

55. Nude was aware of the benefit conferred by Plaintiffs and has retained the benefit conferred pursuant to the rights Nude has under the MSA and the Warehousing Agreement.

56. Plaintiffs have not been fully compensated for the benefit conferred on Nude.

57. It would be unjust to allow Nude to retain the benefit conferred by Plaintiffs without providing Plaintiffs compensation for the benefit and, therefore, Plaintiffs are entitled to an equitable award of damages reflecting the value of the benefit they conferred upon Nude.

## FIFTH CLAIM FOR RELIF

### (Breach of Contract)

### (Against Defendant MXM)

58. Plaintiffs reallege and incorporate paragraphs 1 through 25 above.

59. On November 19, 2020, plaintiff Ninkasi Brewery and defendant MXM entered into a Guaranty which obligated MXM to pay for any obligations or liabilities incurred by defendant Nude, including Nude's obligations under the MSA, the Alternating Brewer Agreement and the Warehousing Agreement.

60. Ninkasi Brewery has performed all obligations required of it pursuant to the Guaranty.

61. MXM has breached the Guaranty by failing to pay Ninkasi Brewery $1,054,486.98 for the manufacturing, packing and warehousing services performed by Plaintiffs

pursuant to the MSA and the Warehouse Agreement, which is a debt, liability or obligation owed to Plaintiffs by Nude.

62. MXM has breached the Guaranty by failing to pay Ninkasi Brewery $2,520,000 for the termination fee to which Nude is obligated to pay Ninkasi Brewery under the Alternating Brewer Agreement.

63. Ninkasi Brewery has been injured by MXM's breaches of the Guaranty.

64. Ninkasi Brewery is entitled to an award of damages in in an amount to be proven at trial, but currently believed to be not less than $3,574,486.98.

65. Pursuant to the Guaranty, Ninkasi Brewery is entitled to an award of its reasonable costs and attorney fees.

## SIXTH CLAIM FOR RELIF

### (Breach of Duty of Good Faith and Fair Dealing)

### (Against Defendant MXM)

66. Plaintiffs reallege and incorporate paragraphs 1 through 25 above.

67. Plaintiff Ninkasi Brewery, LLC and MXM entered into the Guaranty, which is a valid contract.

68. Under Oregon law, MXM owed Ninkasi Brewery the duty of good faith and fair dealing as a party to the Guaranty, because such a duty is implied in every contract.

69. Through its conduct, as alleged above, MXM has breached the duty of good faith and fair dealing by undermining the contractual expectations of Ninkasi Brewery, preventing Ninkasi Brewery from receiving the fruits of the Guaranty, and acting in MXM's own self-interest to the determinant of Ninkasi Brewery.

70. Ninkasi Brewery has been injured by MXM's conduct and continues to be injured by its conduct.

71. As a direct result of MXM's actions, Ninkasi Brewery has been damaged in an amount to be proven at trial, but currently believed to be not less than $3,574,486.98.

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON  97212

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment – 22 U.S.C. § 2201, *et seq.*)

### (Against Defendant MXM)

72. Plaintiffs reallege and incorporate paragraphs 1 through 25 above.

73. Pursuant to the Guaranty, Ninkasi Brewery has a right to receive payment from MXM for any debts, obligations or liabilities owed to Ninkasi Brewery by Nude.

74. A genuine dispute exists as to the legal rights or obligations of the parties with respect to the Guaranty.

75. Pursuant to 22 U.S.C. § 2201, Ninkasi Brewery is entitled to a declaration from this Court that MXM has an obligation to pay Ninkasi Brewery for all amounts owed by Nude due under the MSA, the Alternating Brewer Agreement and the Warehousing Agreement.

## DEMAND FOR JURY TRIAL

76. Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a jury trial.

WHEREFORE, Plaintiffs respectfully request the Court enter a judgment in their favor as follows:

1. On their First Claim for Relief, Count 1, for a judgment against defendant Nude in the amount of $1,054,486.98, plus pre-judgment interest, and an award of reasonable attorney fees and costs;

2. On their First Claim for Relief, Count 2, for a judgment against defendant Nude requiring it to install certain equipment in Plaintiffs facility or, alternatively, to pay the termination fee under the Alternating Brewer Agreement, in the amount of $2,520,000;

3. On their Second Claim for Relief, for a judgment against Nude in an amount to be proven at trial, but currently believed to be not less than $3,574,486.98;

4. On their Third Claim for Relief, for a judgment declaring that Nude owes Plaintiffs certain obligations under its contracts with Plaintiffs, including that Nude owes Plaintiffs certain amounts due under the contracts;

5.	On their Fourth Claim for Relief, for a judgment against Nude in the equitable amount reflecting the benefit Plaintiffs conferred upon Nude without compensation;

6.	On their Fifth Claim for Relief, for a judgment against MXM in the amount of $3,574,486.98, plus pre-judgment interest, and award of Plaintiffs' reasonable attorney fees and costs;

7.	On their Sixth Claim for Relief, for a judgment against MXM in an amount to be proven at trial, but currently believed to be not less than $3,574,486.98;

8.	On their Seventh Claim for Relief, for a judgment declaring that MXM owes Plaintiff Ninkasi Brewery certain obligations under its contract with Ninkasi Brewery

9.	For post-judgment interest at the statutory rate, until fully paid; and

10.	For such other relief as the Court deems proper.

DATED this 2nd day of November, 2021.

WILDWOOD LAW GROUP LLC


By	/s/ *Nicholas A. Kampars*
Nicholas A. Kampars, OSB No. 063870
nick.kampars@wildwoodlaw.com
3519 NE 15th Avenue, #362
Portland, Oregon 97212
Telephone: (503) 564-3049
Fax: (971) 347-1425

*Of Attorneys for Plaintiffs*