IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NINKASI HOLDING COMPANY, INC. an Oregon corporation, and NINKASI BREWERY, LLC, an Oregon limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>NUDE BEVERAGE, INC., a Colorado corporation; and MXM BEVERAGES LTD., doing business as NUDE BEVERAGES CO., a Canadian corporation,<br><br>    Defendants.<br>_____ | Case No. 6:21-cv-1592-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

Plaintiffs move for Default Judgment. ECF No. 94. For the reasons that follow, Plaintiffs' motion, ECF No. 94, is GRANTED.

## BACKGROUND

In 2020, Plaintiffs entered into a Manufacturing Services Agreement ("MSA") with Defendant Nude Beverages, Inc. Ridge Decl. 2; ECF No. 95. The MSA required that Defendant MXM Beverages "execute a guaranty prior to the date any manufacturing or packaging services were provided to NBI pursuant to the MSA." *Id.* Plaintiffs "relied on MXM's agreement to the

1 – OPINION AND ORDER

Guaranty as a condition to entering into the MSA with NBI. Ninkasi would not have entered into any agreement with NBI without MXM agreeing to guaranty NBI's obligations." *Id.* In reliance on that Guaranty, "Ninkasi provided production, manufacturing, packaging and other services under the MSA at Ninkasi's Eugene, Oregon facility." *Id.* The amounts "unpaid and owing under all of Ninkasi's agreements with NBI and guaranteed by MXM total $3,574,486.98." *Id.* The MSA provides for Ninkasi to receive attorney fees, which total $60,129.81. *Id.*

## STANDARDS

A defendant must file a responsive pleading within 21 days of being served or within 60 days if the defendant has timely waived service. FED. R. CIV. P. 12(a)(1)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

After entering an order of default, the district court may enter a default judgment. *See* FED. R. CIV. P. 55(b); *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007). In exercising its discretion, the court may consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## DISCUSSION

As Defendants failed to defend themselves in this action, the Court entered default against Defendants. ECF No. 89, 90. In considering an entry of default judgment, this Court examines the seven factors laid out in *Eitel*. To satisfy the first factor, if this Court does not enter

2 – OPINION AND ORDER

a default judgment in Plaintiffs' favor, Plaintiffs have no other avenue of recovery. To satisfy the next two factors, Plaintiffs must state a valid claim in a well-pleaded complaint, for which the refusal to grant a default judgment would be prejudicial to Plaintiffs. Here, Plaintiffs state a valid claim for breach of contract.

The Complaint, along with the Ridge Declaration, establishes that Defendants breached their contracts with Plaintiffs. Although the Seventh *Eitel* factor favors decisions on the merits, Defendants' inaction in this matter has made a decision on the merits impossible. If the general policy in favor of a decision on the merits, standing alone, outweighed the previous six *Eitel* factors, then defendants could always refuse to defend an action and still avoid a default judgment. Therefore, the *Eitel* factors in this case support an entry of default judgment.

Plaintiffs' motion for Default Judgment, attorney fees, and costs, ECF No. 94 is GRANTED. Plaintiffs are entitled to $3,634,616.79 in damages and attorney's fees of $60,129.81.

IT IS SO ORDERED.

DATED this 25th day of November, 2025.

                                             /s/ Michael J. McShane
                                                 Michael McShane
                                       United States District Judge